REQUESTED BY: Dear Senator Marsh:
You have asked this office whether an amendment to LB 968 which excludes `those organizations, corporations, and societies authorized to conduct horse racing' from the operation of Nebraska's Uniform Disposition of Unclaimed Property Act, is constitutional. You apparently inquire as to whether LB 968 in an amended form grants to that class of entities an impermissible special privilege or immunity.
Article III, section 18, of the Nebraska Constitution states in pertinent part:
 "The Legislature shall not pass local or special laws in any of the following cases, that is to say:
". . .
 "Granting to any corporation, association, or individual any special or exclusive privileges, immunity, or franchise whatever; . . ."
By statute, organizations conducting horse races in Nebraska must be either the State Board of Agriculture, a county society for the improvement of agriculture, or a corporation or association organized and carried on for civic purposes.
It is our view that each of these entities is an `organization,' or a `corporation,' or a `society,' as contemplated by the amended LB 968. Thus, the central question is whether their classification and exclusion from the operation of the Unclaimed Property Act is tantamount to a special immunity violative of Article III, section 18, of the state Constitution.
That constitutional provision reflects the longstanding principle of American constitutional law that our Legislatures should enact laws of general application to the citizenry they serve, and that where a general law can be made applicable, no special law shall be enacted. At the same time, however, it is equally as well settled that Legislatures can make reasonable classifications in certain legislative provisions. In fact, we note that public corporations are already excluded from the operation of the Unclaimed Property Act.
The Nebraska Supreme Court stated in Stahmer v.State, 192 Neb. 63, 218 N.W.2d 893 (1974):
 "`The Legislature may make a reasonable classification of persons, corporations, and property for purposes of legislation concerning them, but the classification must rest upon real differences in situations and circumstances surrounding the members of the class, relative to the subject of the legislation, which render appropriate its enactment; and to be valid the law must operate uniformly and alike upon every member of the class so designated.' Rehkopf v. Board of Equalization, 180 Neb. 90, 141 N.W.2d 462." (192 Neb. at 69.)
Thus, the Legislature may classify the subjects, persons, or objects as to which it legislates if such classification rests upon differences in situations or circumstances between things dealt with in one class and those dealt with in another, and if those differences have some relevance to the subject of the legislation.
Viewed in this light, the exclusion of those organizations conducting horse races in Nebraska from the operation of the Unclaimed Property Act pursuant to LB 968 as amended, is constitutionally suspect. The purpose of the Unclaimed Property Act was to create one centralized authority in the State of Nebraska to gather all lost or abandoned property in the state and undertake a more vigorous effort in locating the rightful owners of said property. As a class, organizations conducting horse racing in Nebraska do have some unique, quasi-public characteristics that is, they must be created for the purpose of improving agriculture or for civic purposes. However, while these characteristics would distinguish such organizations as holders of lost or abandoned property from the majority of other businesses, corporations, associations and individuals who also hold lost or abandoned property, and to whom the Unclaimed Property Act is clearly applicable, we are not convinced that the distinction has any genuine relevance to the purpose of the Unclaimed Property Act.
We would note that:
 "The power of classification rests with the Legislature and it will not be interfered with by the courts if real and substantial differences exist which afford a rational basis for classification.'. . ." State ex rel. Douglas v. Gradwohl, 194 Neb. 745, 749, 235 N.W.2d 854
(1975).
Obviously, a classification intended by the Legislature carries with it what is akin to an initial presumption of validity, not lightly overcome. Thus, on the basis of information contained in your letter of inquiry and our reading of LB 968 as amended, we can say only that the bill is constitutionally suspect.